UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kristopher Wilmot Berry, #347006, ) | C/A No. 2:13-701-RMG-BHH |
| Petitioner, ) | |
| vs. ) | Report and Recommendation |
| Willie Eagleton, Warden, ) | |
| Respondent. ) | |

Petitioner Kristopher Wilmot Berry ("Petitioner"), a prisoner at Evans Correctional Institution in Bennettsville, South Carolina, challenges his confinement in a habeas petition. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Rule 73.02(B)(2) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. Petitioner is serving a five-year sentence imposed July 21, 2011 in Darlington County, and challenges that conviction and sentence herein. As Petitioner fails to allege that he has exhausted his state court remedies, the undersigned recommends dismissal of the Petition.

## Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This Court is required

to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972)

Background and Discussion

Petitioner challenges his conviction and sentence on the basis of ineffective assistance of counsel. However, Petitioner makes this challenge almost a tangential issue in his Petition by focusing instead on his failure to get his trial counsel disciplined by the state Supreme Court. It appears that Petitioner focuses on this matter because he believes that the discipline case could help overturn his criminal conviction; he says "[t]he South Carolina Supreme Court's offices of Disciplinary Counsel and Commission on Lawyer Conduct did not conduct a proper thorough investigation into my claims and this has severely hindered my efforts to attain a new trial based on the Sixth Amendment to the Constitution of the United States, right to counsel." ECF No. 1 at 16. In any case, attorney discipline matters are not relevant to, and cannot be litigated via, a habeas petition. Petitioner fails to address his attempts, if any, to exhaust his state remedies before pursuing habeas relief in this Court.

Petitioner has filed a prior § 2254 habeas corpus action in this Court, which was dismissed for failure to exhaust his state administrative remedies. *See* C/A No. 2:12-2058-RMG-BHH.[1] Petitioner gives no indication in the instant Petition that he has since

---

[1] This Court may take judicial notice of Petitioner's prior § 2254 case. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The District

2

succeeded in exhausting his remedies.

The statute requires that, before seeking habeas corpus relief, Petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir.1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C.Code Ann. § 17–27–10, *et seq.* ; S.C.Code Ann. § 17–27–90; *Blakeley v. Rabon*, 266 S.C. 68, 221 S.E.2d 767 (S.C.1976). If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17–27–80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 375 S.C. 407, 653 S.E.2d 266, 267 (S.C.2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C.Code Ann. § 17–27–45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the

---

Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.  Once was sufficient.").

South Carolina Court of Appeals. *See State v. McKennedy*, 348 S.C. 270, 559 S.E.2d 850, 853 (S.C.2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief*, 321 S.C. 563, 471 S.E.2d 454, 454 (S.C.1990)).

Petitioner has failed to allege that he has exhausted his state remedies, and thus cannot proceed with a § 2254 petition challenging his conviction and sentence at this time.

### Recommendation

For the reasons cited above, it is recommended that the Petition for a writ of habeas corpus in the above-captioned case be dismissed in its entirety without service upon the respondents. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Petitioner's attention is directed to the important notice on the following page.*

s/Bruce H. Hendricks
United States Magistrate Judge

April 29 , 2013
Charleston, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).