IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kristopher Wilmot Berry, #347006, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:13-cv-701-RMG |
| vs. ) | |
| ) | |
| Willie Eagleton, Warden, ) | ORDER |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |
| _____ ) | |

Petitioner Kristopher Wilmot Berry, a prisoner at Evans Correctional Institution in Bennettsville, South Carolina, filed this matter *pro se* pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). He claims to challenge his conviction and five year sentence. (*Id.*).

## Background

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2) DSC, this case was assigned to a Magistrate Judge. The Magistrate Judge reviewed the petition under 28 U.S.C. § 1915 and, on April 29, 2013, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this petition be dismissed without prejudice on the ground that Petitioner has not exhausted his state remedies. (Dkt. No. 11). Petitioner timely filed objections to the R&R. (Dkt. No. 14).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss an inmate's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

To the extent Petitioner raises an ineffective assistance of counsel claim, the Magistrate Judge correctly concluded that the Court should dismiss this petition for failure to exhaust his state remedies. (Dkt. No. 11). However, Petitioner disputes that characterization of his claim. As he puts it, "[t]he issue at hand . . . is the actions and inactions of the South Carolina Supreme Court; Office of Disciplinary Counsel and Commission on Lawyer Conduct. They failed to follow their own policies and subsequently failed to conduct a comprehensive investigation into the alleged violations of" the Rules of Professional Conduct by Petitioner's counsel. (Dkt. No. 14 at 1). He later adds: "It is this failure by the South Carolina Supreme Court that is the subject of [Petitioner's] habeas corpus [petition] and not the actions and inactions of [his] lawyer." (*Id.* at 2).

Construed this way, Petitioner's claim still must fail. In a petition for federal habeas corpus

relief, a petitioner challenges "the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). In making these allegations against the South Carolina Supreme Court, Office of Disciplinary Counsel and Commission on Lawyer Conduct, however, Petitioner is not directly challenging his confinement. Rather, he is challenging those state actors' performance of their administrative functions under state law, in the hope that a fuller investigation into his trial counsel's performance will uncover misconduct that could then be used to support a habeas petition brought on the basis of ineffective assistance of counsel.

The inappositeness of this Petition is made clear by considering the relief sought. If Plaintiff were to prevail, that outcome would not result in an order for his "immediate or speedier release into the community," nor would it "necessarily imply the invalidity of his conviction or sentence." *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (citation omitted). Instead, the Court would issue an injunction ordering the state actors to investigate his allegations of attorney misconduct. A claim seeking such relief should be brought under 42 U.S.C. § 1983, though there too it seems unlikely to succeed.[1]

---

[1] The United States Supreme Court has held that judges acting to enforce a state Bar Code of Conduct are to be treated like prosecutors, and thus may be amenable to suit for injunctive and declaratory relief under 42 U.S.C. § 1983. *See Supreme Court of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 734–37 (1980). However, an action seeking such relief would be unlikely to succeed for reasons similar to those given by this Court when it dismissed an earlier § 1983 action brought by Petitioner against his state prosecutor. *See Berry v. Burch*, No. 4:13-cv-648, 2013 WL 1453251, at *3 (D.S.C. Apr. 9, 2013) (noting certain limits on declaratory relief and injunctive relief against prosecutors); *see also Whitner v. Coggiola*, No. 3:12-cv-1876, 2012 WL 4051121, at *3–*4 (D.S.C. Aug. 21, 2012) *report and recommendation adopted by* 2012 WL 4051185 (D.S.C. Sept. 13, 2012), *aff'd*, __ F. App'x __, 2013 WL 285774 (4th Cir. Jan. 25, 2013).

## Conclusion

Accordingly, the Court finds that Petitioner fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). The Court therefore adopts the Magistrate Judge's Report and Recommendation and **DISMISSES** this action, without prejudice and without issuance and service of process.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**AND IT IS SO ORDERED.**

                                                          s/ Richard M. Gergel
                                                          Richard Mark Gergel
                                                          United States District Judge

Charleston, South Carolina
May 22, 2013